FILED
OCT 03 2007 NR
10-3-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN ROBINSON & JONATHON ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.; and JOHNSON & JOHNSON,<br><br>Defendants. | 07CV 5603<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE COX |

### NOTICE OF FILING

PLEASE TAKE NOTICE that on the 3rd day of October, 2007, we filed Defendants MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (formerly known as and erroneously sued as McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc.), and JOHNSON & JOHNSON's Notice of Removal with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, a copy of which is attached and hereby served upon you.

Dated: October 3, 2007

Respectfully submitted,

_____
Attorneys for Defendants
MCNEIL CONSUMER HEALTHCARE, a
DIVISION OF MCNEIL-PPC, INC. and
JOHNSON & JOHNSON

John Dames (ARDC No. 00575534)
David B. Sudzus (ARDC No. 6204604)
Russell J. Chibe (ARDC No. 6289221)
Drinker Biddle & Reath LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

CH/ 27736.1

**FILED**

OCT 0 3 2007 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN ROBINSON & JONATHON ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC.; and JOHNSON & JOHNSON,<br><br>Defendants. | 07CV 5603<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE COX |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC. (formerly known as and erroneously sued as McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc.), and JOHNSON & JOHNSON (collectively, "Defendants"), by and through their attorneys, DRINKER BIDDLE & REATH LLP, hereby file this Notice of Removal of the case entitled, *Karen Robinson et al. v. McNeil Consumer & Specialty Pharmaceuticals et al.*, pending as Case No. 2007 L 008976 in the Circuit Court of Cook County, Illinois, County Department, Law Division ("State Court Action") on the following grounds:

1. On August 21, 2007, Plaintiffs filed this complaint entitled *Karen Robinson et al. v. McNeil Consumer & Specialty Pharmaceuticals et al.*, pending as Case No. 2007 L 008976 in the Circuit Court of Cook County, Illinois, County Department, Law Division.

2. Defendants were both served with the summons and complaint in the State Court Action on September 6, 2007. A copy of the summons and complaint are attached as Exhibit 1 to this Notice of Removal.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of service of the complaint upon the first served defendant.

4. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court, over which the United States District Court has original jurisdiction, may be removed to that District Court embracing the place where such action is pending. Because the State Court Action was pending in the Circuit Court of Cook County, this Court has removal jurisdiction.

5. Defendants remove this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Plaintiffs are citizens and residents of Illinois. *See* Plaintiffs' Complaint At Law, ¶ 1.

7. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey.

8. Defendant McNeil Consumer Healthcare, a Division of McNeil-PPC, Inc., is an unincorporated division of McNeil-PPC, Inc., a New Jersey corporation, with its principal place of business in the Commonwealth of Pennsylvania.

9. The jurisdictional amount in controversy is satisfied, as it is facially apparent from the allegations of the Complaint that Plaintiffs seek relief in an amount exceeding $75,000, exclusive of interest and costs. Plaintiffs allege that Plaintiff Karen Robinson was injured after taking Children's Motrin which was marketed and distributed by Defendants. Plaintiffs'

Complaint At Law, ¶¶ 4-5, 8-9. Plaintiffs seek compensation based on claims for design defect, failure to warn, breach of express and implied warranties, and negligence. Plaintiffs' Complaint At Law, Counts I, III, and V - VII. Plaintiffs allege that Plaintiff Karen Robinson has suffered damages including serious and permanent injuries resulting form the onset of Stevens-Johnson Syndrome and/or Toxic Epidermal Necrolysis, pain and suffering, medical expenses, and other damages. *Id.* at ¶ 13. Plaintiffs further seek compensation for loss of consortium on behalf of Plaintiff Jonathon Robinson. Plaintiffs' Complaint At Law, Counts II, IV and VIII.

10. Defendants believe, in good faith, that Plaintiffs assert claims which, if proven, would more likely than not exceed $75,000 in recovery, exclusive of interest and costs.

11. Pursuant to, and in compliance with 28 U.S.C. § 1446(d), and simultaneously with the filing of this Notice of Removal, Defendants have served written notice of such removal upon Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division.

Dated: October 3, 2007

Respectfully submitted,

_____
Attorneys for Defendants
MCNEIL CONSUMER HEALTHCARE, a
DIVISION OF MCNEIL-PPC, INC. and
JOHNSON & JOHNSON

John Dames (ARDC No. 00575534)
David B. Sudzus (ARDC No. 6204604)
Russell J. Chibe (ARDC No. 6289221)
Drinker Biddle & Reath LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

## CERTIFICATE OF SERVICE

David B. Sudzus, an attorney, certifies that on the 3rd day of October, 2007, he caused a copy of the foregoing Notice of Removal to be mailed to:

> John D. Cooney, Esq.
> Cooney and Conway
> 120 North LaSalle Street, 30th Floor
> Chicago, Illinois 60602
> (312) 236-6166

by causing a copy of same to be placed in an envelope, postage prepaid, in a U.S. mail chute located at 191 N. Wacker Drive, Chicago, Illinois before the hour of 5:00 p.m.

_____
David B. Sudzus
Attorney for MCNEIL CONSUMER
HEALTHCARE, a DIVISION OF MCNEIL-PPC,
INC. and JOHNSON & JOHNSON
Drinker Biddle & Reath LLP
191 N. Wacker Dr.
Suite 3700
Chicago, Illinois 60606-1698
Phone: (312) 569-1000
Fax: (312) 569-3000
david.sudzus@dbr.com

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 5/1/92) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CALENDAR/ROOM F
TIME 00:00
Product Liability

KAREN ROBINSON & JONATHON ROBINSON,
    Plaintiffs,

v.

No.:

**Please Serve:**
See Attached Service List

MCNEIL CONSUMER & SPECIALTY,
PHARMACEUTICALS, a division of McNeil PPC, INC., and
JOHNSON & JOHNSON,
    Defendants.

## SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* ___801___, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 20___

| | | |
|---|---|---|
| Name | COONEY AND CONWAY | Clerk of Court |
| Attorney for | Plaintiff | |
| Address | 120 N. LaSalle St., 30th Floor | Date of Service: _____, 20___ |
| City | Chicago, IL 60602 | (To be inserted by officer on copy left with |
| Telephone | (312) 236-6166 | defendant or other person) |
| Atty. No. | 90200 | |

**Service by Facsimile Transmission will be accepted at _____
    (A.C.) (Facsimile Telephone Number)

DOROTHY BROWN OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
*Law Division Room 801      County Division Room 801
Probate Division Room 1202      Chancery-Divorce Room 802

EXHIBIT

**Please Serve**

McNeil-PPC, INC.
R/a CT Corporation System
208 S. LaSalle St. Suite 814
Chicago, IL 60604

Johnson & Johnson
R/a CT Corporation System
208 S. LaSalle St. Suite 814
Chicago, IL 60604

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KAREN ROBINSON & JONATHON ROBINSON )    2007L008976
                                    )    CALENDAR/ROOM F
                    Plaintiffs,     )    TIME 00:00
                                    )    Product Liability
v.                                  )
                                    )    No.
MCNEIL CONSUMER & SPECIALTY         )
PHARMACEUTICALS, a Division of MCNEIL-PPC, )
INC.; and JOHNSON & JOHNSON,        )    Jury Demanded
                                    )
                    Defendants.     )

## PLAINTIFF'S COMPLAINT AT LAW

### COUNT I
### Defective Design

Now come the Plaintiffs, KAREN ROBINSON and JONATHON ROBINSON, by their attorneys, Simon, Eddins & Greenstone and Cooney and Conway, and complaining of the Defendants, say:

1. Plaintiffs are citizens and residents of the State of Illinois. Plaintiffs were residents of the State of Virginia at the time of the events in question.

2. Defendant, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. (hereafter "McNeil"), is a New Jersey Corporation with its offices at 7050 Camp Hill Rd., Fort Washington, PA 19034.

3. Defendant Johnson & Johnson is a New Jersey Corporation with its offices at One Johnson & Johnson Plaza, New Brunswick, NJ 08933.

4. Defendants are or were, at all materials times hereto, in the business of designing, manufacturing and marketing a drug called Children's Motrin (hereinafter

"the drug").

5. Defendants are in the business of designing, manufacturing, selling and distributing the drug to users in Illinois and throughout the United States through various retailers, including but not limited to pharmacies.

6. Defendants intended that the drug reach the user or consumer such as Plaintiffs in the condition in which it was originally sold and distributed by them.

7. Defendants put this product into the stream of commerce without any alteration or modification of the drug by any distributor or retailer.

8. In or about September 2005, Plaintiff, Karen Robinson, took Children's Motrin, an over the counter (OTC) drug.

9. Shortly thereafter, Karen Robinson was admitted to the emergency room with a severe rash and was diagnosed with severe Stevens-Johnson Syndrome (hereinafter "SJS") and/or Toxic Epidermal Necrolysis (hereinafter "TEN"), that manifested itself over large portions of Karen Robinson's body.

10. Plaintiffs had no knowledge of any unseen potential dangerous defect or condition in the drug at the time Karen Robinson used it, and certainly no knowledge that it could cause SJS/TEN.

11. Plaintiffs used the drug in the manner intended and in accordance with instructions included with the drug by Defendants.

12. The drug was defectively designed by Defendants so as to render it unreasonably dangerous to Plaintiff, Karen Robinson, and other persons similarly situated, in that:

    a. Defendants failed to adequately test the drug before selling and distributing it;

  b.  Defendants failed to adequately and completely report the clinical trials data regarding the drug;

  c.  A safer alternative design would have prevented or significantly reduced the risk of Plaintiff, Karen Robinson's injuries, without substantially impairing the drug's utility;

  d.  A safer, alternative design was economically and technologically feasible at the time the drug left the control of Defendants by the application of existing or reasonably achievable scientific knowledge;

  e.  The drug's risk to individuals like Karen far outweighed its benefit, particularly considering that there were other drugs on the market, which were safer and equally as effective.

13. As a direct and proximate result of the aforesaid defects, the Plaintiff, Karen Robinson, sustained serious and permanent injuries, suffered great pain of mind and body, was forced to seek medical attention, will be forced to seek further medical attention in the future due to the permanent nature of her injuries, was caused to spend large sums of money for said medical attention, will be forced to spend more money in the future and, further was deprived of carrying out her normal duties and affairs for a long period of time.

WHEREFORE, Plaintiffs demand judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT II

### Loss of Consortium

1-13. Plaintiffs repeat each and every allegation contained in Paragraphs 1-13 of Count I of the Complaint as Paragraphs 1-13 of Count II of the Complaint as though

fully set forth herein.

14. Plaintiff, JONATHON ROBINSON, is now, and has at all times herein mentioned, been the lawfully wedded husband of KAREN ROBINON, and he is now and has been living with and consorting with his wife.

15. Plaintiff, JONATHON ROBINSON, because of the injuries to his wife, KAREN ROBINSON, and, as a direct and proximate result of the defective product designed, manufactured and sold by the Defendants, has suffered the loss of services of his wife, which were of great value to him, and has been deprived of her support, affection, society, companionship and consortium, and the Plaintiff, JONATHON ROBINSON, has been and will continue to be so hindered and prevented from transacting and attending to his usual business and affairs and has been and will continue to be greatly injured and inconvenienced as a result of the defective product of the Defendants.

WHEREFORE, Plaintiff, JONATHON ROBINSON, demands judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT III

### Failure to Warn

1-11. Plaintiffs repeat each and every allegation contained in Paragraphs 1-11 of Count I of the Complaint as Paragraphs 1-11 of Count III of the Complaint as though fully set forth herein.

12. The drug was defective and unreasonably dangerous in that:

   a. There was no warning, or alternatively, no adequate warning that consumption of the drug could result in SJS or TEN, or in any type of severe, life-threatening skin reaction;

   b. Defendants failed to adequately warn of latent dangers resulting from the foreseeable use of the drug in question of which Defendants knew or should have known;

   c. The warnings and instructions that accompanied the drug provided inadequate warnings to the consumer about the risk of SJS/TEN, the degree of the risk of SJS/TEN, and about other serious skin reactions associated with the use of the drug;

   d. There were no warnings and instructions what to do in the event the patient suffered an adverse skin reaction to the drug;

   e. There was no warning that if a rash or mucosal reaction developed, that the drug should be stopped immediately ad medical care should be sought;

   f. There was no warning that there was a greater risk of skin reactions in females.

13. At all relevant times, Defendants knew or should have known about the dangerous and toxic effects of the drug.

14. As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff, Karen Robinson, sustained serious and permanent injuries, suffered great pain of mind and body, was forced to seek medical attention, will be forced to seek further medical attention in the future due to the permanent nature of her injuries, was caused to spend large sums of money for said medical attention, will be forced to spend more money in the future and, further was deprived of carrying out her normal duties and affairs for a long period of time.

WHEREFORE, Plaintiffs demand judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount,

together with interest, attorneys fees and costs of suit.

## COUNT IV

### Loss of Consortium

1-14. Plaintiffs repeat each and every allegation contained in Paragraphs 1-14 of Count III of the Complaint as Paragraphs 1-14 of Count IV of the Complaint as though fully set forth herein.

15. Plaintiff, JONATHON ROBINSON, is now, and has at all times herein mentioned, been the lawfully wedded husband of KAREN ROBINON, and he is now and has been living with and consorting with his wife.

16. Plaintiff, JONATHON ROBINSON, because of the injuries to his wife, KAREN ROBINSON, and, as a direct and proximate result of the wrongful conduct of the Defendants, has suffered the loss of services of his wife, which were of great value to him, and has been deprived of her support, affection, society, companionship and consortium, and the Plaintiff, JONATHON ROBINSON, has been and will continue to be so hindered and prevented from transacting and attending to his usual business and affairs and has been and will continue to be greatly injured and inconvenienced as a result of the defective product of the Defendants.

WHEREFORE, Plaintiff, JONATHON ROBINSON, demands judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT V

## Breach of Express Warranty of Fitness

1-11. Plaintiffs repeat each and every allegation contained in Paragraphs 1-11 of Count I of the Complaint as Paragraphs 1-11 of Count V of the Complaint as though fully set forth herein.

12. Defendants made express warranties as to the drug's utility in treating fever and pain symptoms/conditions, without making clear the extreme danger associated with a toxic reaction to this drug.

13. The express warranties described were part of the basis of the bargain between Plaintiffs and Defendants.

14. The drug was not of the quality or condition expressly warranted by the Defendants' affirmations, and defective in that the drug is inherently dangerous to children, particularly females and therefore cannot be used in the manner intended without serious risk of physical injury to the user.

15. As a direct and proximate result of the aforesaid breach, the Plaintiff, Karen Robinson, sustained serious and permanent injuries, suffered great pain of mind and body, was forced to seek medical attention, will be forced to seek further medical attention in the future due to the permanent nature of her injuries, was caused to spend large sums of money for said medical attention, will be forced to spend more money in the future and, further was deprived of carrying out her normal duties and affairs for a long period of time.

WHEREFORE, Plaintiffs demand judgment against Defendants, McNeil

Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT VI

### Breach of Implied Warranty of Fitness

1-11. Plaintiffs repeat each and every allegation contained in Paragraphs 1-11 of Count I of the Complaint as Paragraphs 1-11 of Count VI of the Complaint as though fully set forth herein.

12. Defendants impliedly warranted to the public generally and specifically to Plaintiffs that the drug was of merchantable quality and was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner.

13. Defendants knew or had reason to know of the purposes for which Plaintiffs purchased the drug; that Plaintiffs were relying on Defendants' skill and judgment to select and furnish a suitable drug; and that the drug in question was unfit for the purpose for which it was intended to be used.

14. As a direct and proximate result of the aforesaid breach, the Plaintiff, Karen Robinson, sustained serious and permanent injuries, suffered great pain of mind and body, was forced to seek medical attention, will be forced to seek further medical attention in the future due to the permanent nature of her injuries, was caused to spend large sums of money for said medical attention, will be forced to spend more money in the future and, further was deprived of carrying out her normal duties and affairs for a

long period of time.

WHEREFORE, Plaintiffs demand judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT VII

### Negligence

1-11. Plaintiffs repeat each and every allegation contained in Paragraphs 1-11 of Count I of the Complaint as Paragraphs 1-11 of Count V of the Complaint as though fully set forth herein.

12. Defendants had a duty to use reasonable care in labeling, packaging, marketing, selling, advertising, warning, testing, designing, inspecting and otherwise distributing the drug to the public, including the Plaintiffs.

13. Defendants breached their duties in that they:

   a. Placed the drug on the market without warning the user or consumer that consumption of this drug could result in SJS or TEN, or other severe skin reaction;
   b. Failed to warn Plaintiffs to stop the drug immediately and seek medical attention if any skin rash or mucosal lesions developed because of the danger that such symptoms could progress to SJS/TEN;
   c. Failed to adequately test their products;
   d. Failed to take other precautions to ensure that Plaintiffs would not be injured from their product.

14. As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff, Karen Robinson, sustained serious and permanent injuries, suffered great pain

of mind and body, was forced to seek medical attention, will be forced to seek further medical attention in the future due to the permanent nature of her injuries, was caused to spend large sums of money for said medical attention, will be forced to spend more money in the future and, further was deprived of carrying out her normal duties and affairs for a long period of time.

WHEREFORE, Plaintiffs demand judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

## COUNT VIII

### Loss of Consortium

1-14. Plaintiffs repeat each and every allegation contained in Paragraphs 1-14 of Count VII of the Complaint as Paragraphs 1-14 of Count VIII of the Complaint as though fully set forth herein.

15. Plaintiff, JONATHON ROBINSON, is now, and has at all times herein mentioned, been the lawfully wedded husband of KAREN ROBINON, and he is now and has been living with and consorting with his wife.

16. Plaintiff, JONATHON ROBINSON, because of the injuries to his wife, KAREN ROBINSON, and, as a direct and proximate result of the wrongful conduct of the Defendants, has suffered the loss of services of his wife, which were of great value to him, and has been deprived of her support, affection, society, companionship and

consortium, and the Plaintiff, JONATHON ROBINSON, has been and will continue to be so hindered and prevented from transacting and attending to his usual business and affairs and has been and will continue to be greatly injured and inconvenienced as a result of the wrongful conduct of the Defendants.

WHEREFORE, Plaintiff, JONATHON ROBINSON, demands judgment against Defendants, McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc. and Johnson & Johnson on this Count for a sum in excess of the Law Division jurisdictional amount, together with interest, attorneys fees and costs of suit.

_____
ATTORNEY FOR PLAINTIFFS

Attorneys for Plaintiff:

Simon, Eddins & Greenstone
3232 McKinney Ave.  Suite 610
Dallas, TX 75204

Local Counsel:
COONEY & CONWAY
120 North LaSalle Street, 30th Floor,
Chicago, Illinois 60602 (312) 236-6166
Atty No.90200