NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN ROBINSON & JONATHON ROBINSON,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC.; and JOHNSON & JOHNSON,<br><br>　　　　Defendants. | No. 07-cv-5603<br><br>Judge Holderman<br><br>Magistrate Judge Cox |

## **PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Plaintiff Karen Robinson respectfully moves the Court for judgment as a matter of law on Defendants' contributory negligence defense, and would respectfully show the Court as follows:

### **INTRODUCTION**

Plaintiff is entitled to judgment as a matter of law on Defendant's contributory negligence defense for four reasons: (1) Defendants have failed to provide the jury with a legally sufficient evidentiary basis to find that Karen Robinson's conduct was negligent; (2) Defendants have failed to provide the jury with a legally sufficient evidentiary basis to find that Karen Robinson's conduct was the proximate cause of her own injuries; (3) Defendants have failed to produce any evidence that Karen Robinson's conduct was concurrent with Defendants' conduct; and (4) Defendants are not entitled to assert a contributory negligence defense to Plaintiff's claim that Defendants acted with willful and wanton conduct. For these reasons, the jury should not be instructed on the issue of contributory negligence.

## ARGUMENT AND AUTHORITIES

Under Illinois law, which governs in this diversity case in the absence of a conflict with Virginia law, a directed verdict should be granted if "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand." *Id.* (quoting *Pedrick v. Peoria & Eastern R.R.*, 229 N.E.2d 504, 513-14 (Ill. 1967)); *Jones v. Rallos*, 890 N.E.2d 1190, 1199 (Ill. App. Ct.. 2008) (same). That standard is met here, as there is simply no evidence that Karen Robinson was negligent or that her conduct was the proximate cause of her injuries.

Defendants have not presented sufficient evidence to establish a *prima facie* case of contributory negligence under Virginia law. "A defendant asserting contributory negligence as a defense bears the burden of proving, by the greater weight of the evidence, that the plaintiff was negligent and that her negligence was the proximate cause of the injury." *Rose v. Jaques*, 597 S.E.2d 64, 71 (Va. 2004). The defendant must also show that the plaintiff's negligence is concurrent with the defendant's negligence. *See Ponirakis v. Choi*, 546 S.E.2d 707, 711 (Va. 2001); *Eiss v. Lillis*, 357 S.E.2d 539, 543 (Va. 1987). A defendant can only demonstrate a *prima facie* case of contributory negligence by producing more than a scintilla of evidence on each element of this defense. *Rose*, 597 S.E.2d at 72. A jury instruction should not be given on contributory negligence unless the defendant has met its burden of producing more than a scintilla of evidence on each element. *Id.* at 71; *Sawyer v. Comerci*, 563 S.E.2d 748, 753 (Va. 2002).

To state a *prima facie* case of contributory negligence, a defendant must show that the plaintiff failed to act as a reasonable person would have acted for her own safety under the circumstances. *Rose*, 597 S.E.2d at 71; *Ponirakis*, 546 S.E.2d at 710. In Virginia, "[t]he essence

of contributory negligence is carelessness." *Ponirakis*, 546 S.E.2d at 711. Thus, "before an issue of contributory negligence may be submitted to the jury, there must be more than a scintilla of evidence to support a finding that the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Id.*

Virginia courts routinely hold defendants to their burden of demonstrating a *prima facie* case of contributory negligence, and have often held that such an instruction is reversible error when not supported by sufficient evidence. *See Sawyer*, 563 S.E.2d at 753; *Ponirakis*, 546 S.E.2d at 711-12; *Gravitt v. Ward*, 518 S.E.2d 631, 634-35 (Va. 1999); *Eiss*, 357 S.E.2d at 544; *Lawrence v. Wirth*, 309 S.E.2d 315, 317-18 (Va. 1983); *see also Rose*, 597 S.E.2d at 72 (upholding trial court's refusal to instruct the jury on contributory negligence when the defendant had not produced more than a scintilla of evidence on each element).

Defendants have not presented a scintilla of evidence on any of the elements of contributory negligence. Based on arguments by defense counsel, Plaintiff understands that Defendants' entire contributory negligence theory is based on Ms. Robinson's testimony that she did not re-read the warning label on the bottle of Children's Motrin before she took it three times in September 2005. This one piece of evidence is not legally sufficient to show that plaintiff failed to act as a reasonable person would have acted for her own safety under the circumstances. Given the other circumstances, including that this was a children's medication and she had read the warning label in the past and believed the medicine to be safe for her son, Trial Tr. Vol. 3 at 543:10-15, that she only took a child-size dose, Trial Tr. Vol. 3 at 542:6-21, and that she consulted a doctor consistent with the label's instructions, Trial Tr. Vol. 3 at 552:19-554:8, no reasonable juror could conclude that Ms. Robinson acted carelessly or unreasonably under the circumstances.

More importantly, Defendants do not have a shred of evidence that any failure by Ms. Robinson to re-read the warning label on the bottle of Children's Motrin proximately caused her injuries in this case. Apparently Defendants are contending that if Ms. Robinson had re-read the label, then she would have known that the drug can cause an allergic reaction and she should have stopped use of the product and consulted a doctor when she developed a rash and other new symptoms. However, there is absolutely no evidence that any of Ms. Robinson's conduct caused that initial reaction which ultimately lead to her TEN. Defendants' theory ignores the evidence that Ms. Robinson developed a rash after the first dose of Children's Motrin. Trial Tr. Vol. 3 at 540:18-542:21, 549:14-21. At that point, the TEN disease process had already started. Even if she had read the warnings thoroughly, that would not have prevented her TEN from developing after that first dose of Children's Motrin. At most, her decision not to re-read the warnings is a question of whether Ms. Robinson could have mitigated or minimized her damages by stopping the product sooner.

This case therefore falls squarely within Virginia case law that draws a distinction between contributory negligence and mitigation of damages. For example, in *Lawrence v. Wirth*, 309 S.E.2d 315 (Va. 1983), the court addressed the plaintiff's medical malpractice claim against her doctor for failing to properly diagnosis and treat a malignant tumor in her breast that later metastisized to terminal bone cancer. The defendant argued that she had been contributorily negligent because, after her initial doctor's visit, the plaintiff noticed that the lump in her breast had grown but she delayed seeking additional medical care for two months. *See id.* at 317. The Virginia Supreme Court rejected the defendant's argument that her delay was a contributing cause that barred her recovery. *See id.* The court explained that "[i]t is a well-established principle of tort law that, to bar recovery, a plaintiff's negligence must *concur* with the

defendant's." *Id.* Therefore, a contributory negligence theory was unavailable and her delay could only be considered on the question of whether she acted reasonably to mitigate her damages. *See id.* at 318.

Similarly, in *Sawyer v. Comerci*, 563 S.E.2d 748 (Va. 2002), a contributory negligence defense was not available when the defendant doctor's negligence initially caused the plaintiff's injuries but the plaintiff also disregarded the doctor's advice that might have ultimately prevented his death. There, the decedent sought medical treatment in a hospital emergency room for abdominal pain. *See id.* at 750. The doctor did not correctly diagnose or treat him at the time, but she did advise him not to leave the hospital until a surgical consult could be arranged and she also instructed him to follow up with another doctor. *See id.* at 751-52. The plaintiff did not follow this advice, and he was ultimately returned to the hospital with more severe symptoms and died. *See id.* at 752. The court held that evidence that the plaintiff left the emergency room against the doctor's advice was not sufficient to establish a *prima facie* case of contributory negligence, although it was evidence that the jury could consider in determining whether he failed to mitigate his damages. *See id.* at 753-54; *see also Jenkins v. Charleston Gen. Hosp. & Training School*, 110 S.E. 560 (1922) (holding that there was insufficient evidence of contributory negligence even though the patient failed to follow his physician's instructions after a negligent, incorrect diagnosis).

Although these are medical malpractices cases, the same exact reasoning applies here. Defendants have no evidence whatsoever that Ms. Robinson's conduct caused her TEN disease process to begin. It was their own negligent design and failure-to-warn about the dangers of SJS/TEN that caused her initial TEN symptoms. Even assuming that her decision not to re-read the warnings could somehow be considered unreasonable (which it was not), that is only

evidence regarding whether she acted reasonably to minimize her damages that were already occurring. That is not evidence of contributory negligence.

Defendants have also failed to produce any evidence on the issue of concurrence with regard to Plaintiff's negligent design defect claim. Any allegedly negligent actions of Ms. Robinson did not concur with the defendant's conduct in designing an unreasonably dangerous product. Defendants have not produced even a scintilla of evidence that Ms. Robinson's conduct concurred with their own negligent actions in designing an unreasonably dangerous product or failing to place adequate warnings on their product.

Finally, there has been overwhelming evidence in this case of Defendants' willful and wanton conduct in intentionally and recklessly failing to use a safer alternative design or to warn users of its over-the-counter Children's Motrin about the known hazards of SJS/TEN. Under Virginia law, "a defendant who is willfully and wantonly negligent cannot rely upon a plaintiff's contributory negligence as a defense." *Wolfe v. Baube*, 403 S.E.2d 338, 339 (Va. 1991). Defendants therefore cannot assert contributory negligence as a defense to Plaintiff's claim of willful and wanton negligence. At a minimum, the jury must be allowed to evaluate Defendants' willful and wanton conduct regardless of whether they find that the elements of contributory negligence are satisfied. If the jury determines that Defendants have acted willfully and wantonly, contributory negligence is not a bar to Plaintiff's recovery in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to judgment as a matter of law on Defendant's affirmative defense of contributory negligence. Plaintiff respectfully requests that the jury not be instructed on this defense.

Dated: August 28, 2009                    Respectfully submitted,

                                          */S/* Dana Simon
                                          _____
                                          Dana C. Simon
                                          State Bar of Texas No. 24032191
                                          David C. Greenstone
                                          State Bar of Texas No. 24007271
                                          Jeffrey B. Simon
                                          State Bar of Texas No. 00788420
                                          SIMON, EDDINS & GREENSTONE, LLP
                                          3232 McKinney Avenue, Suite 610
                                          Dallas, Texas 75204
                                          Tel: (214) 276-7680
                                          Fax: (214) 276- 7699

                                          John D. Cooney
                                          James E. Ocasek
                                          COONEY & CONWAY
                                          120 North LaSalle Street, 30th Floor
                                          Chicago, Illinois 60602
                                          Tel: (312) 236-6166
                                          Fax: (312) 236-3029
                                          ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Dana C. Simon, hereby certify that on the 28th day of August, 2009, I caused a copy of *Plaintiffs' Motion for Judgment as a Matter of Law* to be filed and served via the CM/ECF electronic filing system upon the following counsel of record:

John Dames
David B. Sudzus
Russell J. Chibe
Drinker, Biddle & Reath, LLP
191 North Wacker Dr., Ste. 3700
Chicago, IL 60606
John.dames@dbr.com
David.sudzus@dbr.com
Russell.chibe@dbr.com
**COUNSEL FOR DEFENDANTS MCNEIL**
**CONSUMER HEALTHCARE (a division**
**of McNeil-PPC, Inc.) and JOHNSON & JOHNSON**

                                          */S/* Dana Simon
                                          _____
                                          DANA C. SIMON